UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENT KROUSE,

       Plaintiff,

   v.

PLY GEM PACIFIC WINDOWS
CORPORATION; EDWARD CHASE; and
ROBERT GEHNE,

       Defendants.

Civil No. 10-111-HA

OPINION AND ORDER

HAGGERTY, District Judge:

      Plaintiff brought suit against defendants asserting claims arising out of the circumstances of his termination of employment with his former employer, defendant Ply Gem Pacific Windows Corporation (Ply Gem). Plaintiff began working for Ply Gem's predecessor in early February 1997 as a window technician. He was terminated in February 2009. Plaintiff alleges, in part, that he was pressured to refrain from documenting the overtime hours he worked. Other details from the factual background of this case will be evaluated as necessary.

OPINION AND ORDER -1

Plaintiff's Complaint initially alleged fifteen claims. Plaintiff stipulated to the dismissal of two claims against the individually named defendants, and plaintiff agreed to withdraw his Tenth, Thirteenth, and Fourteenth Claims for Relief alleging Oregon Family Leave Act discrimination, defamation, and intentional interference with economic relations. Defendants seek summary judgment on the remaining ten claims.

Plaintiff advances a cross-motion for summary judgment on his Fourth Claim for Relief, alleging that defendant Ply Gem made an unlawful deduction from a reimbursement check in violation of Oregon Revised Statute (ORS) section 652.615. Plaintiff seeks payment of the statutory penalty of $200.00 for this conduct. Also pending in this action is plaintiff's discovery motion, which re-visits prior rulings made by this court.

For the following reasons, defendant's Motion for Summary Judgment [44] is GRANTED IN PART AND DENIED IN PART. Plaintiff's Motion for Partial Summary Judgment [50] is DENIED. Plaintiff's Motion to Compel [54] is GRANTED IN PART AND DENIED IN PART.

**I.    STANDARDS**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute regarding material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable doubt as to the existence of a genuine factual dispute should be resolved against the moving party. *MetroPCS, Inc. v. City & County of San Francisco*, 400 F.3d 715, 720 (9th Cir. 2005) (citation omitted).

OPINION AND ORDER -2

If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. A nonmoving party cannot defeat summary judgment by relying on the allegations in the complaint, or with unsupported conjecture or conclusory statements. *Hernandez v. Spacelabs Medical, Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment should be entered against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. However, the Ninth Circuit has reasoned that courts should require very little evidence to survive summary judgment in an employment discrimination case because the ultimate question is one that is most appropriately conducted by the fact-finder, upon a full record. *Schnidrig v. Columbia Mach., Inc.*, 80 F.3d 1406, 1410 (9th Cir. 1996).

## II.    ANALYSIS

### 1.    Defendant's Motion for Summary Judgment

#### A.    Failure to Pay Overtime pursuant to the Fair Labor Standards Act

Plaintiff's first claim is brought under the Fair Labor Standards Act (FLSA), at 29 U.S.C. § 216(b), and alleges that defendant Ply Gem failed to pay overtime wages. Plaintiff seeks unpaid overtime in the amount of $16,315.20 plus prejudgment interest and liquidated damages. Compl. at 8. Plaintiff admits that he did not report this overtime, but asserts that defendant was aware that he was working additional unreported hours. Plaintiff claims that he complained to his supervisors, Edward Chase (Chase) and Robert Gehne (Gehne), that he was being forced to work off-the-clock, providing them notice that he was working unreported hours. Plaintiff

further alleges that defendant was engaged in a "clandestine policy encouraging plaintiff to work off-the-clock so as to not clock overtime." Pl.'s Resp. at 13.

Defendants seek summary judgment on this claim, arguing that the affirmative defense of equitable estoppel is properly invoked because Ply Gem should not be held responsible for the payment of hours that plaintiff failed to report. The parties agree that the four elements of equitable estoppel are presented accurately in *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 475 F. Supp. 630 (D. Or. 1979). Under *Forrester*, equitable estoppel applies where: (1) the plaintiff knows the facts; (2) the plaintiff intends his conduct to be acted upon; (3) the defendant is ignorant of the true facts; and (4) the defendant relies on the plaintiff's conduct. *Id.* at 630.

The first two elements of the estoppel defense are present. First, plaintiff had knowledge of the hours that he was allegedly working. Second, plaintiff submitted his time records for the purpose of getting compensated with knowledge that the records lacked any claim for the alleged overtime. Plaintiff intended that defendant act upon the information he submitted.

Whether the third element is present—regarding defendant's alleged ignorance of the "true facts" of plaintiff's unreported hours—is less clear. Plaintiff sent an e-mail to his supervisor stating, "this only company I cant do enough for and don't want time so scare everyone to not show real hours." Le Roux Decl. Ex. 32. Plaintiff argues that this e-mail constitutes notice that he was working off the clock. Chase testified that he understood the communication to mean that Krouse "was working off the clock, basically, and doing something that he shouldn't have been doing." Chase Dep. 75: 23-25. This testimony raises a genuine dispute of material fact as to whether defendant had knowledge of the "true facts" regarding plaintiff's unreported overtime.

OPINION AND ORDER -4

Defendant fails to meet all of the elements of the estoppel defense at this time. Summary judgment is denied on plaintiff's first claim.

### B. Failure to Pay back wages pursuant to ORS 652.140 and 652.150

Plaintiff's second claim is brought under ORS 652.140(1), alleging that defendant failed to timely pay all wages earned and unpaid after plaintiff was terminated. Plaintiff seeks the maximum civil penalty of $4,944.00. Compl. at 10.

Section 652.140 provides that when an employee is terminated, the employer must make payment of all unpaid wages no later than the first business day following the termination. ORS 652.140. The statute provides that where an employer "willfully" violates this requirement, penalty wages will continue until full payment is made or an action is brought, at a rate of eight hours per day for a period not to exceed thirty days. ORS 652.150. The Oregon Court of Appeals has held that an employer willfully fails to pay wages "when it knows or reasonably should know all the facts that trigger the obligation under ORS 652.150." *Wilson v. Smurfit Newsprint Corp.*, 107 P.3d 61, 72 (Or. Ct. App. 2005).

Defendant argues that to prevail under the Wage Claim Act, an employee must "prove the agreement, express or implied, which gives him the right to expect compensation." *Leonard v. Arrow-Tualatin, Inc.*, 708 P.2d 630, 632 (Or. Ct. App. 1985). Because plaintiff never reported the hours he now claims, defendant asserts, he had no right to expect compensation.

The court agrees. While plaintiff's failure to report the hours he allegedly worked will not necessarily prevent him from being compensated for those hours, it does preclude a statutory penalty under ORS 652.150. Because plaintiff never reported his hours, defendant had no means of knowing how many unreported hours plaintiff allegedly worked, and had no means of paying

OPINION AND ORDER -5

plaintiff for those hours at the time of his termination. Because defendant had no means of calculating the amount of compensation allegedly owed, plaintiff had no right to expect compensation at the time of his termination. Additionally, because it was plaintiff's failure to report his true hours that prevented defendant from complying with the requirements of ORS 652.140, he cannot now seek the statutory penalty for this failure. Summary judgment is, therefore, granted on plaintiff's Second Claim for Relief.

        C.      **Failure to Pay Portion of Reimbursement Check and Unlawful Deduction**

Plaintiff's third and fourth claims are for penalty wages under ORS 652.150 for failure to pay $18.22 that plaintiff was owed as part of a reimbursement check. Plaintiff seeks a statutory penalty of $200.00 under ORS 652.615 for defendant's allegedly unlawful deduction of $18.22 from plaintiff's reimbursement check. Defendant seeks summary judgment on both claims, and plaintiff has cross-moved for summary judgment on his fourth claim alleging unlawful deduction.

Following his termination, plaintiff submitted a claim for reimbursement for on-the-job expenses. Defendant appears to have mistakenly processed the reimbursement as wages and deducted a payment for benefits in the amount of $18.22. The mistake was not discovered until the following year when defendant was contacted by plaintiff's counsel, at which time defendant issued a check for the unpaid sum.

Defendant asserts that these claims must fail because the deduction at issue was taken from an "expense reimbursement check" instead of a payment for wages. The parties do not

dispute the relevant facts and agree that the only issue to be determined is whether a reimbursement check can be considered "wages" under Oregon's wage claim statute.

Section 652.150 provides a penalty for "[failure] to pay any *wages or compensation*, for any employee whose employment ceases, as provided in ORS 652.140." ORS 652.150 (emphasis added). In contrast, ORS 652.140 provides that "*all wages* earned and unpaid at the time of the discharge or termination become due and payable not later than the end of the first business day after the discharge or termination." ORS 652.140 (emphasis added).

The Oregon Supreme Court has acknowledged the discrepancy and defined wages as "[a]ll earned compensation contracted to be paid by the employer for the employe's [sic] personal service regardless of the nature of such compensation." *State ex rel. Nilsen v. Ore. State Motor Ass'n*, 432 P.2d 512, 514 (Or. 1967). This definition, while broad, does not encompass reimbursement checks. A reimbursement check is a payment for goods, not for personal services and therefore falls outside of the Supreme Court's definition of wages.

Moreover, as defendant points out, the difficulty of applying ORS 652.150 to a reimbursement check suggests that the legislature did not intend reimbursements to be included in the definition of "wages" under Oregon's wage claim law. The statute provides that the "wages or compensation of the employee shall continue . . . at the same hourly rate for eight hours per day . . ." ORS 652.150. A reimbursement claim is for a fixed sum and bears no direct relationship to amount of time worked. It, therefore, cannot accrue at an hourly or daily rate as provided in the statute.

Plaintiff points out that the definition of "wages" has been held to include a fixed monthly payment for use of a personal vehicle. *See Olson v. Eclectic Institute, Inc.*, 119 P.3d 791, 793

OPINION AND ORDER -7

(Or. Ct. App. 2005). There is, however, a distinct difference between these two types of payments. A fixed monthly payment, unlike a reimbursement check, can be prorated on a daily, or conceivably an hourly basis for the purpose of complying with the statute's provisions.

Because reimbursement checks do not fall within the definition of wages, plaintiff cannot recover penalty wages under ORS 652.150 or ORS 652.615. Summary judgment is granted in favor of defendant on plaintiff's Third and Fourth Claims for Relief, and plaintiff's cross-motion for summary judgment is denied.

### D. Wage Claim Retaliation pursuant to ORS 652.355 and 653.060

Plaintiff's fifth claim alleges that defendant discriminated and retaliated against plaintiff after he brought wage claims in violation of ORS 653.060 and ORS 652.355. Compl. at 12. Section 653.060(1)(a) prohibits discrimination against an employee because "the employee has made a complaint that the employee has not been paid wages in accordance with ORS 653.010 to 653.261." ORS 653.060(1)(a). Section 652.355 prohibits an employer from discharging or otherwise discriminating against an employee for making a "wage claim." The statutory definition of a "wage claim" is "an employee's claim against an employer for compensation for the employee's own personal services, and includes any wages, compensation, damages or civil penalties provided by law to employees in connection with a claim for unpaid wages." ORS 652.320(7).

Defendant seeks summary judgment on this claim, arguing that defendant never made a wage claim. The parties do not dispute that a claim for overtime compensation would constitute a wage clam under the statute. The disputed issue is whether any of plaintiff's conduct was sufficient to constitute a wage claim against defendant.

OPINION AND ORDER -8

Plaintiff again cites the e-mail he sent to his supervisors, as well as several additional e-mails between plaintiff and his supervisors regarding his inability to complete his work in a forty-hour workweek. Pl.'s Resp. at 20. While these e-mails may have provided notice to defendant that plaintiff was working unreported hours, there is no evidence in the record that plaintiff ever requested payment or compensation for these hours.

Because there is no evidence that plaintiff ever made a complaint about not being compensated for his unreported overtime or requested compensation for these hours, plaintiff cannot recover under ORS 653.060 or ORS 652.355. Defendant's motion for summary judgment is granted on plaintiff's Fifth Claim for Relief.

### E.     Injured Worker Discrimination

Plaintiff's sixth claim alleges that defendant Ply Gem unlawfully discriminated against plaintiff for invoking his rights as an injured worker. Compl. at 13. Section 659A.040 prohibits discrimination against an employee for invoking the workers' compensation procedures under ORS Chapter 656. To establish a prima facie case of injured worker discrimination, plaintiff must show that: (1) he invoked the workers' compensation system; (2) he was discriminated against in the tenure, terms or conditions of his employment; and (3) the discrimination was caused by the employee's invocation of workers' compensation. *Williams v. Freightliner, LLC*, 100 P.3d 1117, 1121 (Or. Ct. App. 2004).

The Oregon Court of Appeals has held that a claimant is not required to make a formal claim to "invoke" the workers' compensation system. *Herbert v. Altimeter, Inc.*, 218 P.3d 542, 548 (Or. Ct. App. 2009). Invocation of the workers' compensation system is sufficient if a

worker reports an on-the-job injury, or an employer perceives that a worker has been injured and will report an injury. *Id.*

Plaintiff says he invoked workers' compensation three times. Because plaintiff must only show that he invoked the workers' compensation system once to survive summary judgment, this court will consider only plaintiff's most compelling argument.

On January 26, 2009, plaintiff slipped on an icy road and fell. He reported the fall to Chase and, at Chase's request, sent an e-mail regarding the incident. The e-mail stated: "slipped and fell. . . . Chained up seamed [sic] fine about 4 hours later neck started getting tight hurt to turn head and hurt under shoulder. Probley [sic] just stiff from shock off [sic] fall. . . ." Le Roux Decl. Ex. 48. Chase testified that plaintiff's e-mail was the equivalent of filing the appropriate paperwork for an incident report. Chase Dep. 15:25 - 16:1. Defendant now argues that this failed to constitute an injury report because plaintiff's e-mail to Gehne minimized the harm from the fall by stating that he was probably just stiff.

Plaintiff's e-mail to Chase after his fall on the ice states that his neck and shoulder hurt. According to Chase, the message fell within the normal procedure for reporting an on-the-job incident. This evidence is sufficient to create a genuine dispute of fact as to whether plaintiff's e-mail should be considered an injury report. Under *Herbert*, an employee's report of an on-the-job injury, or an employer's perception that an employee will report an on-the-job injury is sufficient to invoke the workers' compensation system. For this reason, defendant's argument fails and summary judgment is denied on this claim.

OPINION AND ORDER -10

### F.    Safety Complaint Retaliation

Plaintiff's seventh claim alleges that he suffered an adverse employment action after reporting and opposing unsafe working conditions. Compl. at 13. Section 654.062 prohibits an employer from discharging, demoting or in any way retaliating against an employee because an employee has opposed an unlawful practice. ORS 654.062.

Plaintiff alleges that defendant retaliated against him for making two safety complaints. In January 2009, plaintiff complained that defendant's new warehouse facility did not have a bathroom facility (bathroom complaint). Plaintiff also complained that he was being asked to talk on the phone while driving (driving complaint). Defendant argues that plaintiff's bathroom complaint cannot constitute a safety complaint because the lack of a toilet was not in violation of any statute. This argument comes up short.

The Oregon Court of Appeals has held that an employee need not prove an actual violation, but must only "establish that he suffered discrimination at his employment because he made a complaint 'related to' safe and healthful working conditions." *Butler v. State, Dep't of Corrections*, 909 P.2d 163, 171 (Or. Ct. App. 1995). In *Butler*, the court rejected defendant's argument that the subject of the complaint must, if proven, constitute an actual violation of a statute. *Id.* The court stated that an issue may "relate to workplace safety and, therefore, fall within the purview of the Oregon Safe Employment Act" even if it is not regulated either in a statute or by a state agency. *Id.* The Court of Appeals has also held that there is a sufficient basis for a claim under ORS 654.062 where an employee only complains to their employer, without contacting a government agency. *Herbert*, 218 P.3d at 542.

OPINION AND ORDER -11

A complaint regarding the lack of bathroom facilities can be considered related to safe and healthful working conditions. Under *Butler*, the complaint need not actually constitute a statutory violation to be an actionable complaint. Defendant's argument is without merit.

Defendant further argues that plaintiff's driving complaint does not constitute a safety complaint because plaintiff was never asked to drive while talking on a cell phone. Defendant cites an e-mail from plaintiff's supervisor specifically telling plaintiff that he was not being asked to use the phone while driving.

Defendant's evidence, while persuasive, is not sufficient to eliminate a genuine factual dispute regarding whether plaintiff was told to talk on the phone or use the computer while driving. The e-mail chain defendant cites clearly shows that plaintiff believed that he had been asked to make phone calls while driving. If this was the case, the fact that he was subsequently told not to do so should not preclude his recovery under this statute. To hold otherwise would allow employers to escape liability by providing one set of instructions verbally, and a contradictory set of instructions in writing.

Genuine factual disputes exist as to whether plaintiff's bathroom complaint and driving complaint constitute safety complaints. Summary judgment is, therefore, denied on this claim.

### G.    Whistleblower Retaliation

Plaintiff's eighth claim asserts that defendant Ply Gem retaliated against plaintiff after plaintiff reported and opposed defendant's illegal conduct. Compl. at 13. Oregon law prohibits employers from discriminating against employees that have "in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." ORS 659A.199. This court has held that this statute protects employees "who make an internal

or external report that is intended or likely to result in the enforcement or compliance with state law." *Merrill v. M.I.T.C.H. Charter School Tigard*, Civil No. 10-219-HA, 2011 WL 1457461, *8 (D. Or. Apr. 4, 2011).

Defendants seek summary judgment on this claim, again on the grounds that the conduct plaintiff reported does not constitute an actual violation of statute. Again this argument fails. An employee need not be objectively correct about the existence of a statutory violation to sufficiently state a prima facie claim of retaliation. *Yeager v. Providence Health Sys. Or.*, 96 P.3d 862, 866 (Or. Ct. App. 2004). Under the language of the statute, plaintiff must only have believed that the subject of the complaint violated state law. Factual issues preclude summary judgment on plaintiff's Eighth Claim for Relief.

### H.    Medical Leave Interference under the Family Medical Leave Act

Plaintiff's ninth claim for relief asserts that defendant's conduct illegally interfered with plaintiff's right to take protected leave under the Family Medical Leave Act (FMLA). Compl. at 15.

The FMLA makes it unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the FMLA. 29 U.S.C. § 2615(a)(1). This court has held that to prevail on an FMLA interference claim, a plaintiff must show that: (1) he or she is an eligible employee; (2) the defendant is an employer under the FMLA, as defined in 29 U.S.C. § 2611(4); (3) he or she was entitled to take leave, as defined in 29 U.S.C. 2612(a)(1); (4) the plaintiff gave notice of his or her intention to take leave, as defined in 29 U.S.C. § 2612(e)(1) and 29 C.F.R. §§ 825.302-.303; and (5) the defendant denied the plaintiff the

benefits to which he or she was entitled under the FMLA.. *See Price v. Multnomah County*, 132 F. Supp. 2d 1290, 1296 (D. Or. 2001).

Plaintiff claims that defendant interfered with his right to take leave on two occasions. First, plaintiff argues that Gehne's statement: "That's all we need is to have three guys out on surgery," discouraged him from taking leave. Second, plaintiff argues that when he reported having fallen on the ice, defendant terminated him for fear that he would take medical leave. Defendant claims that neither of these instances constitute interference under the FMLA because plaintiff never actually invoked the workers' compensation system until after he was fired.

Plaintiff cites two Ninth Circuit cases for his contention that Gehne's statement violated the FMLA. In *Xin Liu v. Amway Corp.*, the Ninth Circuit stated that the FMLA "protect[s] an employee from any employer actions that discourage or interfere with the right to take FMLA leave." 347 F.3d 1125, 1134 (9th Cir. 2003). In *Bachelder v. American West Airlines, Inc.*, the court analogized FMLA interference cases to employment discrimination cases, where "the courts have long held that an employer [violates the] prohibition on interfering with employee rights" by engaging in activity that tends to chill an employee's freedom to exercise his rights." 259 F.3d 1112, 1123 (9th Cir. 2001).

Plaintiff's reading of these cases is incorrect. The FMLA prohibits an employer from discriminating against an employee that either (1) has filed a charge, or instituted or caused to be instituted an action related to the FMLA; (2) has given or is about to give, any information in connection with any inquiry or proceeding related to a right under the FMLA; or (3) has testified, or is about to testify in an inquiry or proceeding relating to a right under the FMLA. 29 U.S.C. § 2615(b)(1)-(3). Neither *Xin Liu*, nor *Bachelder* appear to expand the class of employees to

OPINION AND ORDER -14

whom the FMLA's protections apply. In fact, both cases concern employees that had either taken or requested leave.

Plaintiff never requested leave or took any action that would bring him under the protections of the FMLA. Defendant's motion for summary judgment on this claim is granted.

### I.    Wrongful Discharge

Finally, plaintiff brings a claim for wrongful discharge. As the Oregon Supreme Court has stated, "[t]he elements of a wrongful discharge claim are simple: there must be a discharge, and that discharge must be 'wrongful.'" *Moustachetti v. State*, 877 P.2d 66, 69 (Or. 1994). The parties agree that the success of plaintiff's claim for wrongful discharge is dependent on plaintiff succeeding on either his claim for injured worker retaliation, safety complaint retaliation, or whistleblower retaliation.

Plaintiff's common law wrongful discharge claim would likely be precluded by plaintiff's claims for injured worker retaliation, or safety complaint retaliation. As the Oregon Court of Appeals has noted, "[i]f existing remedies adequately protect the employment related right . . . the Oregon Supreme Court has usually chosen not to recognize an additional common law remedy of wrongful discharge." *Carlson v. Crater Lake Lumber Co.*, 796 P.2d 1216, 1219 (Or. Ct. App. 1990) (citation omitted). The Court of Appeals has, however, made an exception for claims that the legislature has clearly indicated are not meant to preclude a common law remedy. *Olsen v. Deschutes County*, 127 P.3d 655, 661 (Or. Ct. App. 2006).

Section 659A.199, under which plaintiff brings his claim for whistleblower retaliation, expressly provides that "[t]he remedies provided by this chapter are in addition to any common law remedy or other remedy that may be available . . . ." ORS 659A.199(2). Because plaintiff's

OPINION AND ORDER -15

claim for whistleblower retaliation has survived defendant's motion for summary judgment, summary judgment is also denied on plaintiff's claim for wrongful discharge.

### 2. Plaintiff's Motion to Compel

#### A. Plaintiff's first request

Plaintiff requests production of documents "reflecting customer contact information for customers serviced by Plaintiff from September 1, 2007 through March 31, 2009." Plaintiff claims that these documents are necessary to prove his claim for unpaid overtime under the FLSA, and to respond to defendant's defense that it did not know that plaintiff was working off-the-clock. Plaintiff has already obtained telephone numbers for calls made to and from plaintiff's cell phone issued by Ply Gem, which allegedly demonstrate that plaintiff made calls from Friday through Sunday, but the records do not provide any identifying information for the customers associated with the phone numbers.

Defendant objects to this motion on the grounds that production would be unduly burdensome, that the documents are irrelevant, and for reasons of confidentiality. Defendant claims that the request is unduly burdensome because Ply Gem does not already have customer contact information broken down by window technician and would have to "create an new document" which would "require that a member of Ply Gem's Information Technology Department be taken off his/her normal activities in order to spend time to run the query." Def.'s Resp. at 2. Defendant asks that if the motion to compel is granted, that plaintiff be ordered to pay the reasonable costs associated with the search.

Defendant claims that the information is not relevant because if plaintiff can show that he was making calls over the weekend it does not prove that plaintiff was working overtime, nor

that defendant was aware of the alleged overtime. Finally, defendant asserts that the requested information is personal private information, and "Ply Gem does not believe that it should be required to turn over its customer's phone numbers." Def.'s Resp. to Pl.'s Mot. to Compel at 3.

Defendant's objections appear unfounded. The mere fact that a Ply Gem staff member must "create a new document" and take time to "run [a] query" does not indicate a significant burden. Defendant's objections regarding relevancy are no more convincing. Allegedly, plaintiff can already show that he was making calls over the weekend. Defendant is correct that this does not prove that he was working overtime, but providing the relevant customer contact information to plaintiff could potentially allow plaintiff to produce evidence that could constitute such proof. Defendant's objection that the telephone records do not prove defendant's awareness that plaintiff was working overtime is irrelevant. The evidence sought could demonstrate a material element of plaintiff's claim: that he was working unreported overtime. Finally, defendant's confidentiality claim is unconvincing. Plaintiff already has the telephone records of defendant's customers, and the parties have already filed a stipulated protective order for the requested information.

Plaintiff's motion to compel documents reflecting customer contact information for customers serviced by plaintiff from September 1, 2007 through March 31, 2009 is granted. Defendant's request for costs associated with this request is denied.

### B.     Plaintiff's Second Request

Plaintiff requests production of performance reviews for plaintiff's supervisors Chase and Gehne "because information is likely contained in those documents assessing their performance with respect to efficiency and/or labor costs." Pl.'s Mot. to Compel.

Defendant objects to the request, claiming that it is irrelevant. Defendant claims to have examined the performance reviews for any discussion of overtime hours, and claims that no such information is contained in the requested documents. Plaintiff claims that the documents will "likely contain one or more broader categories such as 'efficiency' or 'labor costs,' that encompasses controlling overtime pay to window technicians," and that defendant's evaluation of the documents should not preclude discovery. This court agrees.

Plaintiff should not be required to accept defendant's assessment that the documents contain no relevant information, and should be permitted to examine them himself. Plaintiff's motion to compel production of the performance reviews of plaintiff's supervisors Chase and Gehne is granted.

### C.  Plaintiff's Third Request

Plaintiff requests production of defendant's balance sheets for the years 2006 through 2009, as well as "a copy of . . . any statistical analyses reflecting Ply Gem Pacific Windows Corporation's market performance in the Oregon and Washington markets" for the years 2006 through 2009. Plaintiff claims that the requested information is relevant to defendant's claim that overtime was reduced due to economic conditions, rather than the "clandestine policy" that plaintiff alleges. Defendant objects to the request on the grounds that the requested documents do not contain information regarding the number of service requests and would not be germane to plaintiff's claim.

The court agrees that defendant's financial records are unnecessary to prove plaintiff's claim for unpaid overtime wages. If plaintiff is correct that the reduction in reported overtime by defendant's employees cannot be attributed solely to the shift from five eight-hour days to four

ten-hour days, he should be able to prove this without defendant's financial records. However, because defendant objects to discovery of its financial records based on relevance, defendant will be precluded from introducing these records as a defense to any of plaintiff's claims.

### III.  CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment [44] is GRANTED IN PART AND DENIED IN PART. Summary judgment is granted in favor of defendant on plaintiff's Second, Third, Fourth, Fifth, and Ninth Claims for Relief. Summary judgment is denied on plaintiff's First, Sixth, Seventh, Eighth, and Tenth Claims for Relief. Plaintiff's Tenth, Thirteenth, and Fourteenth Claims for Relief are dismissed at plaintiff's request.

Plaintiff's Motion for Partial Summary Judgment on his Fourth Claim for Relief [50] is DENIED.

Plaintiff's Motion to Compel [54] is GRANTED IN PART AND DENIED IN PART. Defendant must produce its customer contact information for customers serviced by plaintiff from September 1, 2007 through March 31, 2009, and personnel reviews for Chase and Gehne. Plaintiff's Motion to Compel is denied as to defendant's financial statements. Defendant's request for costs is also denied.

IT IS SO ORDERED.

DATED this 19th day of July, 2011.

                                            /s/ Ancer L. Haggerty
                                              Ancer L. Haggerty
                                        United States District Judge