UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

KENT KROUSE,

        Plaintiff,

                              Case No. 3:10-cv-00111-HA

v.                                    ORDER

PLY GEM PACIFIC WINDOWS
CORPORATION,

        Defendant.

HAGGERTY, District Judge:

Plaintiff brought suit against defendant asserting claims arising from his termination by his former employer, defendant Ply Gem Pacific Windows Corporation (Ply Gem). Plaintiff intially filed a Complaint alleging fifteen claims for relief. Twelve of those claims were either defeated at summary judgment or were voluntarily dismissed by plaintiff. At trial, plaintiff proceeded with a claim for unpaid overtime pursuant to the Fair Labor Standards Act (FLSA),

ORDER -1

29 U.S.C. § 216(b); a claim for injured worker discrimination, Oregon Revised Statute (ORS) 659A.040; and a claim for safety complaint retaliation, ORS 654.062. Following a four and half day trial, the jury awarded plaintiff $16,160.70 for unpaid overtime wages and rejected his injured worker and safety complaint retaliation claims. The court then awarded plaintiff an additional $16,160.70 in liquidated damages pursuant to the FLSA for a total of $32,321.70. Plaintiff now advances a Bill of Costs [147] seeking $6,558.44 and a Motion for Attorney Fees [149] requesting $82,577.50. The court deemed oral argument unnecessary for resolution of these matters. For the following reasons, plaintiff's Bill of Costs and Motion for Attorney Fees are granted in part.

## DISCUSSION

Plaintiff seeks $82,577.50 in attorney fees and $6,558.44 in costs. Defendant objects to the amount of fees as unreasonable given plaintiff's limited success and to a number of plaintiff's costs including plaintiff's expert witness fees.

### A.     Attorney Fees

A prevailing plaintiff in an action for unpaid overtime pursuant to the FLSA is entitled to reasonable attorney fees and costs. 29 U.S.C. § 216(b). The parties are largely in agreement regarding how this court should calculate plaintiff's reasonable fees and how the court should reduce the requested fees, if at all. Both parties agree that this court should utilize the lodestar method to calculate the appropriate fees and that the court should reduce the total fees by an across the board percentage rather than by attempting to segregate which fee entries are linked to each particular claim. However, defendant suggests that the court cut the fees significantly, while plaintiff recommends more of a haircut.

ORDER -2

A district court should calculate awards of attorney fees using the "lodestar" method. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The "lodestar" is calculated by multiplying the number of hours an attorney reasonably expended by a reasonable hourly rate.[1] *Id.* However, "[t]he product of reasonable hours times a reasonable rate does not end the inquiry" and "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of 'results obtained.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The "results obtained" factor is "particularly crucial where a plaintiff is deemed 'prevailing' even though he succeed on only some of his claims for relief." *Id.* Where a plaintiff succeeds on only some of his claims, the Supreme Court has adopted a two-part test to determine whether a requested fee should be reduced. "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Id.*

Under *Hensley*'s two-part test, if the unsuccessful and successful claims are unrelated, the fee award may not include fees for time spent litigating the unsuccessful claims. *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986). Related claims "involve a common core of facts or [are] based on related legal theories." *Id.* (quotation and citations omitted). Unrelated claims are "distinctly different" and are based on disparate facts and legal theories. *Id.* Factors that may be relevant in determining relatedness include whether the different claims were

---

[1] Defendant does not challenge the hourly rates sought by plaintiff's counsel, nor does defendant challenge any particular time entries. The court does not find cause to modify the fee award on those bases and has analyzed the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). However, as set forth below, the court does find a basis to reduce the requested fee in light of plaintiff's limited success and the time spent litigating unsuccessful claims.

ORDER -3

designed to seek relief for the same course of conduct, whether the claims were presented separately, whether testimony on claims overlapped, and whether evidence concerning one claim was material and relevant to another. *Id.*

If the unsuccessful and successful claims are found to be related, the court must apply the second part of the *Hensley* test and gauge the overall success of the plaintiff in relation to the hours expended. *Id.* "If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive." *Id.* (quoting *Hensley*, 461 U.S. at 435-37).

Plaintiff initially advanced fifteen claims for relief. Two of those claims were dismissed by stipulation with each party to bear it own costs. An additional three claims were unilaterally withdrawn by plaintiff prior to this court's order on summary judgment. There is little reason to think that plaintiff's counsel spent significant amounts of time on any of those claims (aside from an hour or two drafting the Complaint) and they have relatively little bearing on this court's award of fees.

This court awarded summary judgment to defendant on five of plaintiff's ten remaining claims. This court dismissed plaintiff's claims for unlawful paycheck deduction, wage claim retaliation, Family Medical Leave Act interference, and two claims for failure to pay back wages/civil penalties. One of the five remaining claims, wrongful discharge, was not included in the Pretrial Order and was eliminated from the lawsuit. An additional claim for whistleblowing retaliation was not prosecuted by plaintiff and was not presented to the jury. At trial, plaintiff proceeded with three claims: his ultimately successful FLSA for unpaid overtime, a claim for injured worker discrimination, and a claim for safety complaint retaliation.

ORDER - 4

Though all fifteen claims stem from the same employment situation, they are not all related in-so-far as they did not require the same evidence for proof of the claims, did not involve a common core of facts or similar legal theories, and did not address the same course of conduct. The only claims that this court finds to be related to plaintiff's sole successful claim, are plaintiff's claims for unlawful paycheck deduction, wage claim retaliation, and two claims for failure to pay back wages. Though not all of these claims shared similar legal theories or facts[2] with plaintiff's unpaid overtime claim, they were all aimed at the same course of conduct, namely defendant's unlawful wage and payment practices and on that basis, the court finds them to be related. The remaining claims however, including the two other claims brought to trial, were not related to plaintiff's FLSA claim. Aside from a quantum of background information that must be presented to the judge and jury for the claims and arguments advanced by each party to make much sense, the actual facts and legal theories supporting each of the remaining unsuccessful claims was firmly distinct from plaintiff's overtime allegations. Those claims dealt with plaintiff's termination, rather than pay, and did not rely on the same facts. Because those claims were unrelated, the court must reduce plaintiff's requested attorney fee accordingly.

In addition to a reduction on the basis of unrelatedness, a further reduction is warranted under the second part of the *Hensley* test given plaintiff's limited success. Of the fifteen claims initially advanced against defendant, plaintiff prevailed on only one. Plaintiff's overall level of success was quite low. However, to avoid a redundant reduction in plaintiff's fee, the court focuses on the level of success achieved by plaintiff on the unsuccessful claims related to

---

[2] Though defendant was granted summary judgment on each of these claims, plaintiff's claim for wage claim retaliation and two claims for failure to pay back wages in particular lacked any foundational facts.

ORDER - 5

plaintiff's FLSA claim. Those claims were largely premised on a complaint by plaintiff that he was not paid overtime or on a request for overtime compensation. However, there was no evidence that plaintiff had ever requested the unpaid overtime during his employ with defendant or that he complained about not receiving the overtime pay. Op. and Order [83] at 5-9. Given the unsubstantiated nature of these claims as well as their ultimate dismissal at summary judgment, it is difficult to justify an award of fees for work done on those claims. Accordingly a reduction is in order.

From the inception of this litigation, there has been a focus on plaintiff's FLSA claim that has resulted in a disproportionate amount of time being spent litigating the claim to both the court and the jury. Accordingly, simply attributing one-fifteenth or one-tenth or even one-third of the hours to that claim is inappropriate. Taking into account the relative importance of the FLSA claim in this lawsuit and the demands on time it must have required, as well as fee awards in similar cases (*see, e.g, Banta v. City of Merrill, Or.*, Civil No. 06-3003-CL, 2007 WL 3543445 (D. Or. Nov. 14, 2007), the court finds that a fee of $35,000.00, constituting approximately forty-two percent of the requested fee, is reasonable and appropriate. The reduction in fees shall be apportioned to each of plaintiff's attorneys on a percentage basis.

**B.    Costs**

Federal Rule of Civil Procedure 54 and the FLSA provide for an award of reasonable costs to the prevailing party. 29 U.S.C. § 216(b). An attorney requesting costs must file a bill of costs, which must be verified by way of an attached affidavit that avers that the claimed costs are correct and have been "necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." 28 U.S.C. § 1924.

ORDER - 6

Costs are classified as either taxable costs or non-taxable costs. The court may tax specific items as costs against a losing party as stated in 28 U.S.C. §§ 1920 and 1821. *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005) (citation omitted). The court has broad discretion in deciding whether to allow a prevailing party to recoup costs of litigation, but may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

Federal law also grants this court discretion to award out-of-pocket expenses and other costs which are not recoverable as taxable costs under 42 U.S.C. § 1920, but which are charged to a fee-paying client. *Harris v. Marhoefer*, 24 F.3d 16, 19-20 (9th Cir. 1994). Reasonable photocopying, paralegal expenses, and travel and telephone costs are recoverable.

Plaintiff has submitted a total cost bill of $6,558.44. Defendant objects to plaintiff's request for $2,200.00 in expert witness fees, to $2,466.90 in costs for transcripts, and to $27.30 in other costs.

"[A]bsent express statutory authority for shifting expert witness fees, reimbursement of such fees is limited by 28 U.S.C. §§ 1821(b) and 1920(3)." *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002) (quotation and citations omitted). Because the FLSA does not provide

ORDER -7

express statutory authority for expert witness fees, plaintiff's request for $2,200.00 must be denied. *Banta*, 2007 WL 3543445 at *5. However, because the expert witness did provide limited testimony regarding plaintiff's FLSA claim, the court will award plaintiff $40.00 for his services as a fact witness. Defendant's objection to the $2,466.90 expended on transcripts is also well-taken. A significant portion of those transcripts dealt with plaintiff's unrelated unsuccessful claims. Accordingly, plaintiff's requested fee of $2,466.90 is reduced in accordance with the reduction of attorney fees and plaintiff is awarded $1036.10 for expenditures on transcripts. Defendant's final objection to $27.30 in other costs is not well-taken as those costs are recoverable as the costs of postage.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Attorney Fees [149] and Bill of Costs [147] are granted in part as follows: plaintiff is awarded $35,000.00 in attorney fees and $2,967.64 in costs.

IT IS SO ORDERED.

DATED this 7 day of August, 2012.

Ancer L. Haggerty
United States District Judge
ORDER -8